**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

SCOTT BAKER,

      Plaintiff

v.

PAUL MONTRONE, PAUL MEISTER,
PERSPECTA TRUST, LLC, BAYBERRY
FINANCIAL SERVICES CORP., and
LIBERTY LANE SERVICE COMPANY
LLC,

      Defendants

Civil Action No. 1:18-CV-913

## DEFENDANTS' ANSWER TO COMPLAINT

Now Come Defendants Paul Montrone, Paul Meister, Perspecta Trust, LLC, Bayberry

Financial Services Corp., and Liberty Lane Service Company LLC (collectively "Defendants"),

by and through their attorneys, Drummond Woodsum & MacMahon, P.A., and in Answer to the

Complaint filed by Plaintiff Scott Baker ("Baker"), says as follows:

1.  The allegations set forth in paragraph 1 of the Complaint are admitted.

2.  The allegations set forth in paragraph 2 of the Complaint are admitted.

3.  Defendants admit that Mr. Meister resides in New Hampshire and that he works both in
    New Hampshire and elsewhere.

4.  Defendants admit that Perspecta Trust LLC is a New Hampshire trust company organized
    as a limited liability company.

5.  The allegations set forth in paragraph 5 of the Complaint are admitted.

6.  The allegations set forth in paragraph 6 of the Complaint are admitted.

7. Paragraph 7 of the Complaint states a conclusion of law to which no response is required.

8. Paragraph 8 of the Complaint states a conclusion of law to which no response is required.

9. Paragraph 9 of the Complaint states a conclusion of law to which no response is required.

10. The allegations set forth in paragraph 10 of the Complaint are admitted.

11. Defendants admit that during 2009, Mr. Baker was contacted by a recruiter acting on behalf of Perspecta Trust LLC.  The remaining allegations set forth in paragraph 11 of the Complaint are denied.

12. Defendants admit that in or about May 2009, Baker was hired by Perspecta with the job title of "Principal".  The remaining allegations set forth in Paragraph 13 of the Complaint are denied.

13. Defendants admit that Baker held the title of Principal from May 2009 through approximately May 2013.  The remaining allegations set forth in paragraph 13 of the Complaint are denied.

14. Defendants admit that in or about May 2013, Perspecta Trust's Board of Directors appointed Baker as its President; that Mr. Montrone had formerly held the title of President; and that Mr. Montrone recommended that Mr. Baker receive this appointment. The remaining allegations set forth in paragraph 14 of the Complaint are denied.

15. Defendants admit that paragraph 15 of the Complaint generally describe the scope of responsibilities for Perspecta Trust's President.  The allegations set forth in paragraph 15 are denied to the extent that they state, suggest or imply that Baker successfully or adequately performed any or all of those duties.

16. Paragraph 16 of the Complaint states a conclusion of law to which no response is required.

2

17. Defendants admit that Perspecta Trust, Liberty Lane and Bayberry are related entities and that Mr. Montrone and Mr. Meister have ownership interests in those entities or other entities which hold ownership interests in them.  The remaining allegations set forth in paragraph 17 of the Complaint are denied.

18. Defendants deny that Baker reported to Mr. Meister.  The remaining set forth in paragraph 18 of the Complaint are admitted.

19. Defendants admit that Baker, like other members of Perspecta Trust's senior management team, completed a pre-employment psychological fitness for duty assessment.  The remaining allegations set forth in paragraph 19 of the Complaint are denied.

20. The allegations set forth in paragraph 20 of the Complaint are denied.

21. Defendants admit that an employee hired in or about 2017 left employment after a very brief period.  The remaining allegations set forth in paragraph 21 of the Complaint are denied.

22. Defendants admit that, at various times, Perspecta Trust, Bayberry and Liberty Lane have required employees who have received conditional offers of employment to undergo pre-employment medical examinations to determine their fitness for duty.  The remaining allegations set forth in paragraph 22 of the Complaint are denied.

23. Defendants lack sufficient information to either admit or deny the allegations set forth in paragraph 23 of the Complaint; therefore, they are denied.

24. Defendants lack sufficient information to either admit or deny the allegations set forth in paragraph 24 of the Complaint; therefore, they are denied.

25. Defendants lack sufficient information to either admit or deny the allegations set forth in paragraph 25 of the Complaint; therefore, they are denied.

26. Defendants lack sufficient information to either admit or deny the allegations set forth in paragraph 26 of the Complaint; therefore, they are denied.

27. Defendants admit that in or about January 2016, Mr. Montrone informed Baker that the equity plan in which he was then participating was being terminated and that a new equity plan would be implemented at a future date. The remaining allegations set forth in paragraph 27 of the Complaint are denied.

28. Defendants admit that Mr. Montrone and Baker discussed the termination of his equity plan. The remaining allegations set forth in paragraph 28 of the Complaint are denied.

29. The allegations set forth in paragraph 29 of the Complaint are denied.

30. The allegations set forth in paragraph 30 of the Complaint are denied.

31. Defendants admit that, during 2013, Mr. Meister began to lose confidence in Baker. The remaining allegations set forth in paragraph 31 of the Complaint are denied.

32. Defendants lack sufficient information to either admit or deny the allegations concerning Baker's personal life; therefore, they are denied. The remaining allegations set forth in paragraph 32 of the Complaint are denied.

33. The allegations set forth in paragraph 33 of the Complaint are denied.

34. Defendants admit that: the revenues increased each year; the number of clients increased each year; in 2015, Family Wealth Report recognized Perspecta Trust as the Independent Trust or Fiduciary Company; in 2015, the Society of Trust and Estate Practitioners ("STEP") named Perspecta Trust as a finalist for Independent Trust Company of the Year; in 2016, STEP named Perspecta Trust as a finalist for Trust Company of the Year; and, in 2017, STEP named Perspecta Trust as a finalist for Trust Company of the Year

(Mid-Sized Firm). The remaining allegations set forth in paragraph 34 of the Complaint are denied.

35. The allegations set forth in paragraph 35 of the Complaint are denied.

36. Defendants admit that Perspecta has promoted its accomplishments. The remaining allegations set forth in paragraph 36 of the Complaint are denied.

37. Defendants admit that on or about March 14, 2017, Baker was elected to serve as Perspecta Trust's President for the ensuing year. The remaining allegations set forth in paragraph 37 of the Complaint are denied.

38. The allegations set forth in paragraph 38 of the Complaint are denied.

39. Defendants admit that on or around May 1, 2017, Baker met with Montrone to express, among other things, concerns regarding Mr. Meister's continued lack of confidence in him. The remaining allegations set forth in paragraph 39 of the Complaint are denied.

40. Defendants admit that in or about May 2017, Mr. Montrone, not for the first time, informed Baker that his performance as President was unsatisfactory. Mr. Montrone further informed Baker that he would have approximately one year in which to seek other employment, while receiving full pay and benefits. The remaining allegations set forth in paragraph 40 of the Complaint are denied.

41. Defendants admit that in or about March 2017, Baker was re-elected as Perspecta Trust's President and that he received a bonus, as did all other senior management employees, based on the company's 2016 performance. The remaining allegations set forth in paragraph 41 of the Complaint are denied.

42. The allegations set forth in paragraph 42 of the Complaint are denied.

43. The allegations set forth in paragraph 43 of the Complaint are denied.  By way of further answer, Baker began seeking new employment in or about May 2017 and, to assist him in finding new employment, Perspecta attempted to negotiate a change in the scope of his non-compete agreement.

44. The allegations set forth in paragraph 44 of the Complaint are admitted.

45. Defendants admit that, in order to assist in his search for other employment, Baker was extended the courtesy of being allowed to resign rather than be terminated.  The remaining allegations set forth in paragraph 45 of the Complaint are denied.

46. Defendants admit that Baker informed Mr. Montrone and the Perspecta Trust Board of Directors that he had not and did not intend to resign.  The remaining allegations set forth in paragraph 46 of the Complaint are denied.

47. Defendants admit that Baker appeared at the location where the December 8, 2017 meeting of Perspecta Trust's Board of Directors was to be held, but did not attend the Board meeting.  The remaining allegations set forth in paragraph 47 of the Complaint are denied.

48. The allegations set forth in paragraph 48 of the Complaint are denied.  By way of further answer, Baker, while present at the location where the meeting was held, was not present during the meeting of Perspecta Trust's Board of Directors.  Further, the Board of Directors, while terminating his status as President of Perspecta Trust, did not terminate his employment.

49. The allegations set forth in paragraph 49 of the Complaint are denied.

50. The allegations set forth in paragraph 50 of the Complaint are denied.

51. The allegations set forth in paragraph 51 of the Complaint are admitted.

6

52. The allegations set forth in paragraph 52 of the Complaint are admitted.

53. The allegations set forth in paragraph 53 of the Complaint are admitted.

54. The allegations set forth in paragraph 54 of the Complaint are admitted.

55. Paragraph 55 of the Complaint states a conclusion of law to which no response is required.

56. No response is required to Paragraph 56 of the Complaint.

57. The allegations set forth in paragraph 57 of the Complaint are denied.

58. The allegations set forth in paragraph 58 of the Complaint are denied.

59. The allegations set forth in paragraph 59 of the Complaint are denied.

60. Defendants admit that Baker's employment was terminated on December 8, 2017. The remaining allegations set forth in paragraph 60 of the Complaint are denied.

61. The allegations set forth in paragraph 61 of the Complaint are denied.

62. The allegations set forth in paragraph 62 of the Complaint are denied.

63. The allegations set forth in paragraph 63 of the Complaint are denied.

64. No response is required to paragraph 64 of the Complaint.

65. The allegations set forth in paragraph 65 of the Complaint are denied.

66. The allegations set forth in paragraph 66 of the Complaint are denied.

67. The allegations set forth in paragraph 67 of the Complaint are denied.

68. The allegations set forth in paragraph 68 of the Complaint are denied.

69. The allegations set forth in paragraph 69 of the Complaint are denied.

70. The allegations set forth in paragraph 70 of the Complaint are denied.

71. The allegations set forth in paragraph 71 of the Complaint are denied.

72. No response is required to Paragraph 72 of the Complaint.

73. The allegations set forth in paragraph 73 of the Complaint are denied.

74. The allegations set forth in paragraph 74 of the Complaint are denied.

75. The allegations set forth in paragraph 75 of the Complaint are denied.

76. The allegations set forth in paragraph 76 of the Complaint are denied.

77. The allegations set forth in paragraph 77 of the Complaint are denied.

78. No response is required to Paragraph 78 of the Complaint.

79. The allegations set forth in paragraph 79 of the Complaint are denied.

80. The allegations set forth in paragraph 80 of the Complaint are denied.

81. The allegations set forth in paragraph 81 of the Complaint are denied.

82. The allegations set forth in paragraph 82 of the Complaint are denied.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

Baker has failed to state a claim for which relief may be granted.

### Second Affirmative Defense

Baker has failed to state a prima facie case of discrimination in accordance with 42

U.S.C. § 12101 *et seq.*

### Third Affirmative Defense

Baker has failed to state a prima facie case of discrimination in accordance with New

Hampshire RSA 354-A, et seq.

### Fourth Affirmative Defense

Baker has failed to state a prima facie case of "aiding and abetting" against defendants

Montrone and Meister in accordance with RSA 354-A et seq.

**Fifth Affirmative Defense**

Baker cannot succeed on his hostile work environment claim under 42 U.S.C. § 12101 *et. seq.* because no tangible adverse employment action was taken against Baker; that Defendants exercised reasonable care to prevent workplace discrimination; and that Baker unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

Respectfully submitted,

Paul Montrone, Paul Meister, Perspecta Trust, LLC, Bayberry Financial Services Corp., and Liberty Lane Service Company LLC

By their attorneys,

Date: October 31, 2018

/s/ Mark T. Broth
Mark T. Broth (NH Bar # 279)
Meghan S. Glynn (NH Bar # 21168)
Drummond Woodsum & MacMahon, P.A.
1001 Elm St., Suite 303
Manchester, NH 03101
T: (603) 716-2895
mbroth@dwmlaw.com
mglynn@dwmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above-date.

/s/ Mark T. Broth
Mark T. Broth