UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____

SCOTT BAKER,                         )

        Plaintiff               )

v.                             )          Civil Case No. 1:18-cv-00913-PB

PAUL MONTRONE, PAUL MEISTER,  )
PERSPECTA TRUST LLC,          )
BAYBERRY FINANCIAL SERVICES   )
CORP., LIBERTY LANE SERVICE    )
COMPANY LLC,                )
PERSPECTA HOLDINGS LLC,      )
PERSPECTA ENTITIES, LLC and     )
PERSPECTA INVESTMENTS, LLC,   )

        Defendants           )
_____)

## **DEFENDANTS' MOTION TO STAY ACTION AS TO ALL CLAIMS EXCEPT THOSE CLAIMS OF FRAUDULENT INDUCEMENT, BREACH OF FIDUCIARY DUTY AND UNJUST ENRICHMENT AGAINST DEFENDANTS PAUL MONTRONE, PAUL MEISTER, AND PERSPECTA HOLDINGS LLC**

Defendants Paul Montrone ("Montrone"), Paul Meister ("Meister"), Perspecta Trust LLC ("Perspecta Trust"), Bayberry Financial Services Corp. ("Bayberry"), Liberty Lane Service Company LLC ("Liberty Lane") (collectively "Perspecta"), Perspecta Holdings LLC ("Perspecta Holdings"), Perspecta Entities, LLC ("Perspecta Entities") and Perspecta Investments, LLC ("Perspecta Investments"), by their attorneys, Jackson Lewis P.C., move, pursuant to Section 3 of the Federal Arbitration Act ("FAA"), to stay the above-captioned action as to all claims except those claims of breach of fraudulent inducement, fiduciary duty and unjust enrichment against defendants Montrone, Meister, and Perspecta Holdings set forth in Counts VI, VII and VIII that

have been referred to arbitration pursuant to this Court's Memorandum and Order of January 20, 2020.  In support of this Motion, defendants state as follows:

(1)	On or about October 6, 2018, plaintiff Scott Baker ("Baker") filed his Complaint against defendants Montrone, Meister and Perspecta, alleging discrimination and retaliation on the basis of disability in violation of the Americans with Disabilities Act, as amended ("the ADA") and RSA 354-A, seeking reinstatement of Baker as President of Perspecta Trust and monetary damages.

(2)	On or about April 24, 2019, Baker moved, over defendants' objection, to amend his Complaint to add equitable claims of fraudulent inducement and breach of fiduciary duty against Montrone and Meister and equitable claims of fraudulent inducement, unjust enrichment and breach of contract against three new defendants, Perspecta Holdings LLC, Perspecta Investments LLC, and Perspecta Entities, LLC, as well as to add a claim of retaliation under the ADA and RSA 354-A against Montrone, Meister and Perspecta based on the forfeiture of his interests in Perspecta Entities, LLC and Perspecta Investments, LLC.  Baker's Amended Complaint was filed on or about June 17, 2019.

(3)	On July 8, 2019, defendants filed their Motion to Compel Arbitration, or, in the Alternative, to Dismiss the Amended Complaint.  After a hearing on September 19, 2019, the Court ordered defendants to file a renewed motion to compel arbitration; denied defendants' motion to dismiss for failure to state a claim until an unspecified later date; and indicated that the court would set a new date for defendants to answer the amended complaint, if necessary, after its ruling on the renewed motion to compel arbitration.  *See* Transcript of Motion Hearing (September 19, 2019) ("Tr.") at pp. 92-96.  The Court also granted defendants' motion to stay discovery with respect to the equity claims, and ordered the parties to complete discovery on the

discrimination claims by the October 1, 2019 deadline, without prejudice to plaintiff's right to lift the stay of discovery and extend the discovery deadline.  *See* Tr. at pp. 92-96.

(4)     While the defendants' Renewed Motion to Compel was pending, the parties completed discovery on the ADA claims and defendants Montrone, Meister and Perspecta moved for summary judgment on Baker's claims for disability discrimination and retaliation under the ADA and RSA 354-7, as set forth in Counts I through IV of Baker's original Complaint and on the claim of retaliation set forth in Count II of Baker's Amended Complaint.

(5)     On January 10, 2020, this Court issued its Memorandum and Order, in which it ruled that Baker's claims of fraudulent inducement, breach of fiduciary duty and unjust enrichment against Montrone, Meister and Perspecta Holdings arising out of the redemption of Baker's interest in Perspecta Holdings set forth in Counts VI, VII and VIII of the Amended Complaint must be arbitrated, and that Baker's claims of breach of fiduciary duty against Montrone and Meister and unjust enrichment and breach of contract against Perspecta Investments, LLC and Perspecta Entities, LLC arising out of the forfeiture of Baker's interests in Perspecta Investments, LLC and Perspecta Entities, LLC set forth in Counts VII, VIII and IX of the Amended Complaint would be decided by the Court.

(6)     Defendants' Motion for Summary Judgment is scheduled for hearing on January 29, 2020 and the trial on Baker's claims of disability discrimination and retaliation is currently scheduled for the two-week period beginning March 3, 2020 with a final pretrial conference on February 20, 2020.  The parties' pretrial statements are due to be filed on February 3, 2020.

(7)     At the hearing before this Court on Defendants' Motion to Compel on September 19, 2019, Baker claimed that the redemption of his interest in Perspecta Holdings was part of his claim of disparate treatment under the ADA and RSA 354-A, and he claimed that  he was

entitled to "damages and remedies flowing from the discriminatory act and adverse employment action" in the form of "back pay."  *See* Tr. 85, 87-88; *see also* Baker's Responses to Interrogatories Nos. 10-12 (Baker claimed "lost compensation from his equity" in Perspecta Holdings, Perspecta Investments and Perspecta Entities as "back pay" damages and "equity compensation" as "front pay" damages in  his Responses to Interrogatories propounded by defendants Montrone, Meister and Perspecta in the ADA action).

(8)     This Court expressed some doubt as to whether Baker's claim for lost "equity compensation" resulting from the redemption of his interest in Perspecta Holdings would be relief authorized under the ADA/RSA 354-7, and indicated that it would require further briefing on the issue once the motion to compel was decided to determine whether the ADA claims should go forward if the equity claims were referred to arbitration.  Tr. 90-92.  The Court thus stayed discovery on the equity claims until the arbitration issue was resolved, and indicated it would revisit the issue whether the damages flowing from the redemption of Baker's interest in Perspecta Holdings and/or the forfeiture of Baker's unvested interests in Perspecta Investments LLC and Perspecta Entities are "[a]ppropriate damages you can recover in an ADA case."  Tr. 90-91.

(9)     The Court suggested that once the Renewed Motion to Compel was resolved, there would be another status conference to decide whether to "[a]llow discovery on [the equity claims] or whether I should stay the entire case or whether I should allow discovery to go forward only on the ADA claims."  Tr. 90-94.

(10)     To the extent that Baker's claims of disability discrimination and/or retaliation survive Defendants' Motion for Summary Judgment, this Court should stay the entire case except those claims for fraudulent inducement, breach of fiduciary duty, and unjust enrichment

against Montrone, Meister and Perspecta Holdings referred to arbitration in order to resolve the issues of (1) whether Baker is entitled to recover damages allegedly resulting from the redemption of his interest in Perspecta Holdings and/or the forfeiture of his unvested interests in Perspecta Investments and Perspecta Entities in his discrimination case, and the status of the temporary stay as to discovery on the Equity Claims; (2) to set a deadline for Defendants' Answer to the Amended Complaint; and (3) to schedule the trial on the remaining equity claims. *See, e.g., Bowlby v. Carter Manufacturing Corp.*, 138 F. Supp. 2d 182, 188 (D. Mass. 2002) ("Faced with both arbitrable and non-arbitrable issues, this Court will exercise its inherent authority to stay the entire suit pending completion of the arbitration.");[1] *see also, Interadd of N.H., Inc. v. Foreign Motors Corp., Inc.*, 1995 U.S. Dist. LEXIS 22340 at *18-19 (D. N. H. 1995) ("Finding the issues raised by the instant litigation nearly identical to those potentially raised through arbitration, the court, while retaining jurisdiction over the parties, herewith grants defendants' motion to stay these proceedings pending arbitration.").

(11)     A good faith effort to obtain the concurrence of plaintiff's counsel in the relief sought by this motion was made, and such concurrence was denied.

(12)     No memorandum of law is filed with this Motion as the relief sought is within the sound discretion of the Court, and the applicable law is cited in the Motion.

WHEREFORE, the Defendants respectfully request that this Court:

A.     Grant their Motion to Stay; and

B.     Grant such other and further relief as this Court deems just and proper.

---

[1] As the *Bowlby* court noted, "'Even without explicit statutory authority to do so, a court, in its sound discretion, may stay any case pending before it as an exercise of its inherent power to control its own docket. *Cannova v. Enterprise Messaging Servs., Inc.*, 982 F. Supp. 54, 59 (D. Mass. 1997) (Karol, M.J.).  That authority is well established in the First Circuit.'"  *Id.* (citations omitted).

Respectfully submitted,

PAUL MONTRONE, PAUL MEISTER,
PERSPECTA TRUST LLC,
BAYBERRY FINANCIAL SERVICES
CORP., LIBERTY LANE
SERVICE COMPANY LLC,
PERSPECTA HOLDINGS LLC,
PERSPECTA ENTITIES, LLC and
PERSPECTA INVESTMENTS, LLC

By their attorneys,
JACKSON LEWIS P.C.

Date:  January 28, 2020           By:      */s/ Martha Van Oot*
                                           Debra Weiss Ford (NHBA #2687)
                                           Martha Van Oot (NHBA #963)
                                           100 International Drive, Suite 363
                                           Portsmouth, NH  03801
                                           603.559.2700 | Phone
                                           603.559.2701 | Fax
                                           Debra.Ford@jacksonlewis.com
                                           Martha.Vanoot@jacksonlewis.com

## Certificate of Service

I hereby certify that a true copy of the foregoing document was filed through the

Court's CM/ECF system and that copies will be sent electronically to the registered

participants identified on the Notice of Electronic Filing (NEF) System.

Dated:  January 28, 2020                   */s/ Martha Van Oot*
                                           Martha Van Oot